IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

MARVIN L. SMITH,

       Petitioner,

v.                                    Case No. 2:10-cv-00870

GEORGE JANICE, Warden,
McDowell County Correctional Center[1],

       Respondent.


PROPOSED FINDINGS AND RECOMMENDATION

On June 16, 2010, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket ## 1, 2), filed by Marvin L. Smith (hereinafter "Petitioner").  This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

PROCEDURAL HISTORY OF PETITIONER'S CASE

On May 4, 2010, Petitioner pled guilty in the Circuit Court of Kanawha County to Failing to Register as a Sex Offender.  (# 1 at 1).  On June 14, 2010, Petitioner was sentenced to 1 to 5 years. Id.  According to the Clerk of the Supreme Court of Appeals of West

_____

[1] The Clerk is directed to modify the docket sheet to reflect the correct name of Petitioner's current custodian.

Virginia, Petitioner did not file a Petition for Appeal. According to the Clerk of the Circuit Court of Kanawha County, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court on January 13, 2011. No action has occurred in Petitioner's state habeas proceeding.

## APPLICABLE STATUTES AND CASE LAW

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriguez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for

appeal from an adverse ruling in the SCAWV. <u>Moore v. Kirby</u>, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); <u>McDaniel v. Holland</u>, 631 F. Supp. at 1545.  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies.  <u>See</u> <u>Moore</u>, 879 F. Supp. at 593; <u>McDaniel</u>, 631 F. Supp. at 1546; <u>see also</u>, <u>Meadows v. Legursky</u>, 904 F.2d 903, 908-909 (4th Cir. 1990) (abrogated on other grounds, <u>Trest v. Cain</u>, 522 U.S. 87 (1997)).

Therefore, Petitioner must file a section 2254 habeas corpus petition in this Court within one year of his criminal judgment becoming final, excluding the time that a properly filed petition for post-conviction relief is pending in the state courts, and the claims that are contained in his section 2254 petition must have been fully exhausted in the state courts as described above. Because Petitioner's state habeas proceedings are on-going, he has not properly exhausted his state court remedies, the claims contained in his section 2254 petition are unexhausted, and his section 2254 petition is premature.  Accordingly, it must be dismissed without prejudice.

As noted above, exhaustion of state court remedies occurs if a petitioner raises the exact same federal constitutional claims in

either his direct appeal, or in a habeas corpus petition filed in a circuit court, followed by an appeal of the exact same issues to the SCAWV, even where the appeal is summarily refused.  The issues may also be exhausted if raised in a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV, but only where the claims therein are actually adjudicated on the merits. A summary refusal of such a petition will not exhaust those claims. Petitioner is notified that he must exhaust <u>all</u> of his federal claims through one of these methods before re-filing a section 2254 petition in this court within the statute of limitations.

<u>**RECOMMENDATION**</u>

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition is premature and that the claims contained therein are unexhausted.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition (# 1), without prejudice, and **DENY**, without prejudice, Petitioner's Application to Proceed Without Prepayment of Fees and Costs (# 5).

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of

5

objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

 January 19, 2011 
        Date

                        Mary E. Stanley
                        Mary E. Stanley
                        United States Magistrate Judge

6